Samuel and Lillian Berger v. Commissioner.
Berger v. Commissioner
Docket No. 40175.
United States Tax Court
1954 Tax Ct. Memo LEXIS 287; 13 T.C.M. (CCH) 177; T.C.M. (RIA) 54063; February 26, 1954
Morris Horowitz, Esq., 120 W. 42nd St., New York, N. Y., for the petitioners. Charles M. Greenspan, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of $380.08 against Samuel Berger for 1947 and a deficiency of $3,625.30 against Samuel and Lillian Berger for 1948. The issues for decision are whether $3,500 paid by Samuel in 1947 and $3,100 paid in 1948 to Lester L. Paul is deductible as interest, and whether $7,500 paid by Samuel to Paul in 1948 is to be added to the cost of Samuel's stock in City Service Cleaning Contractors, Inc., or is deductible in 1948 under some provision of the Internal Revenue Code. Findings of Fact Samuel filed a separate individual return for 1947 and he and his wife, Lillian, *288 filed a joint return for 1948 with the collector of internal revenue for the First District of New York. Samuel, prior to May 1, 1947, negotiated with Lew Sarnoff, sole stockholder of the City Service Cleaning Contractors, Inc., (hereafter referred to as City Service) for the purchase from Sarnoff of 50 per cent of the capital stock of that corporation. Samuel told his friend, Lester L. Paul, about those negotiations, and pursuant to an oral agreement received $12,500 from Paul to be used as a part of the purchase price of the stock. Samuel and Sarnoff entered into a written agreement on May 1, 1947, whereby Samuel purchased 50 per cent of the stock for $25,000 and paid Sarnoff $25,000. The agreement provided that neither party could thereafter dispose of or encumber the stock without the written consent of the other while the agreement remained in effect. Samuel believed that the $12,500 which he had received from Paul was loaned to him by Paul under an oral agreement requiring him to pay Paul interest at the rate of $100 per week until the loan was repaid. Thereafter, he paid Paul $100 per week until August 5, 1948, when he repaid the $12,500. The total payments at the rate *289 of $100 a week amounted to $3,500 in 1947 and to $3,100 in 1948. Paul, on or about May 5, 1947, through his attorney, tendered to Samuel for signature a proposed written agreement purporting to incorporate their oral agreement. It was complicated and consisted of four long typewritten pages. It provided, inter alia, that the $12,500 which Samuel received from Paul was to purchase for Paul a one-half interest in the 50 per cent of the City Service stock. Samuel refused to sign that document. Paul instituted suit on October 8, 1948 against Samuel and City Service and served a complaint on the defendants on November 5, 1948. The complaint was to the effect that Samuel and Paul had entered into a joint venture to buy 50 per cent of the stock of City Service and Paul had accepted the return of the $12,500 because Samuel had misrepresented to him that he was going to terminate his interest in City Service. The principal holding which Paul asked the Court to make was that he was entitled to a one-half interest in the stock of City Service held by Samuel. Samuel denied all of the allegations of the complaint except that he had purchased the stock. Lillian then sued Paul for usury on the *290 loan. The above suits were settled on December 24, 1948, by the payment to Paul by Samuel of $7,500 and general releases of all claims were executed. Samuel, on his return for 1947, claimed a deduction of $1,000 for interest paid to Paul, and he and Lillian on their return for 1948 claimed a deduction of $3,100 for interest paid to Paul and also a deduction of $7,500 paid to him in settlement for a law suit on a business transaction. The Commissioner, in determining the deficiencies, disallowed the deduction of $1,000 for 1947 and the deductions of $3,100 and $7,500 for 1948 with the explanation that the evidence does not establish the taxpayers' right to the deduction. All facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner claims as deductions and has established by a fair preponderance of the evidence that the $3,500 paid in 1947 and the $3,100 paid in 1948 to Paul were deductible as interest paid on indebtedness. Section 23 (b). Paul was not called as a witness and there is inadequate evidence to contradict the petitioner's testimony that he borrowed the money and agreed to pay $100 a week as interest. Money *291 paid primarily to defend title to property must be added to the cost of the property and can not be taken as a deduction from income in the year of payment. See Addison v. Commissioner, 177 Fed. (2d) 521; Roberts v. United States, 87 Fed. Supp. 935, and authorities cited in those opinions. The principal thing which Paul sought in the suit was title to one-half of Samuel's stock. The conclusion is inescapable that the settlement of the suit by the payment of $7,500 cleared Samuel's title to the stock of the claims of Paul. It follows that the $7,500 is not allowable as a deduction for 1948 but must be added to the cost of Samuel's stock. Decision will be entered under Rule 50.